R. ROTH JUDD, Executive Director, State Ethics Board
Your letter indicates that the State Ethics Board desires my opinion on a question affecting its administration of the Code of Ethics for Public Officials, which is found in subch. III, ch. 19, Stats. This Code is applicable to state public officials, and the term "state public official" is defined in sec. 19.42 (8), Stats., as
 ". . . all persons appointed by the governor with the advice and consent of the senate, except trustees of any private *Page 144 
higher educational institution receiving state appropriations, and all persons identified under s. 20.923, except officers and employes of the judiciary, trustees and employes of the investment board and teaching personnel of the university of Wisconsin system."
The question posed to me is: "When one person holds two government positions and the law identifies the holder of one of those positions as a state public official and specifically exempts from the definition of state public official the holder of the other position, is the person a state public official within the meaning of section 19.42 (8)?" Four examples are given. They are:
 1. A state legislator (identified in sec. 20.923
(2) (a) 5) who also teaches a course at the University of Wisconsin System (and is therefore identified as teaching personnel under sec. 20.923 (6) (m));
 2. The Secretary of the Department of Employe Trust Funds (identified under sec. 20.923 (4) (d) 5) who is also a member of the Investment Board;
 3. A member of a state board (appointed by the Governor with the advice and consent of the Senate) who is also a professor in the University of Wisconsin System; or
 4. A member of a state board (appointed by the Governor with the advice and consent of the Senate) who also happens to be a trustee of the Medical College of Wisconsin
In the absence of a constitutional or statutory prohibition, there is no reason why one person cannot hold two public offices at the same time as long as the functions of the offices are not incompatible.[1] When acting in his official capacity in each office, however, the person is bound by all applicable requirements and laws governing that office.[2] One who accepts and holds a public office does so cum onere and accepts its burdens and obligations *Page 145 
along with its benefits.[3] He is not relieved of the burdens or obligations arising because of his holding of one office merely because he also holds another office which does not impose similar burdens and obligations on him.
The above-described state legislator, Secretary of the Department of Employe Trust Funds, or member of a state board is a "state public official" within the meaning of sec. 19.42 (8), Stats., when he is acting in that capacity, and, as such, he is covered by the applicable provisions of the Code of Ethics for Public Officials. He is not a "state public official" for purposes of subch. III, ch. 19, Stats., however, when he is acting in his capacity as a teacher at a state university, a member of the Investment Board, or as a trustee of a private higher educational institution receiving state appropriations.
Perhaps an illustration of this might be helpful. A state legislator, who is also a state university professor, is a state public official within the meaning of sec. 19.42 (8), Stats., is covered by the Code, and does violate sec. 19.45 (3), Stats., thereof if he, as a state legislator, solicits or receives something of value with the understanding that he will vote in a certain way on a bill pending in the legislature. He, however, is not a state public official, is not directly covered by the Code, and does not violate sec. 19.45 (3), Stats., if he, as a professor at a state university, solicits or receives something of value in exchange for an understanding that he will vote at a university departmental executive committee meeting in a certain way on a question of the grant of tenure to a teaching colleague. The latter conduct may violate a university code of ethics,[4]
ch. 946, Stats., but it does not violate sec. 19.45 (3), Stats.
In summary, then, a person who is a "state public official" within the meaning of sec. 19.42 (8), Stats does not cease to be such merely because he also holds another office which is exempted from that definition. When he acts in his official capacity as a "state public official" he is covered by the provisions of the Code of Ethics for Public Officials. When he acts in his exempted *Page 146 
capacity, he is not a "state public official" and is not directly covered by the provisions of that Code.
BCL:BRB
[1] 67 C.J.S., Officers, sec. 23; 63 Am. Jur. 2d, PublicOfficers and Employees sec. 62; 56 OAG 121 (1967).
[2] 63 Am. Jur. 2d, Public Officers and Employees, sec. 61.
[3] 63 Am. Jur. 2d, Public Officers and Employees, sec. 279.
[4] In sec. 19.45 (11) (b), Stats., the legislature directed the Board of Regents of the University of Wisconsin System to establish a code of ethics for teaching personnel in the system. Violations of the university code are also punishable under the provisions of sec. 19.50, Stats.